## CULLEN v CULLEN

Ohio Appeals, 6th Dist, Sandusky Co

No. 300. Decided Oct 23, 1934

Henry Hart, Sandusky, for plaintiff in error.

W. J. Mead, Fremont, for defendant in error.

## OPINION

### By THE COURT

The evidence produced by the parties is not conclusively persuasive of the right of either of them to a divorce from the other, —in fact, is rather meager and elusive, but it is apparent therefrom that they can not live together harmoniously; or with any degree of happiness or contentment. They were married on April 11, 1926. Of this marriage there are no children. Both seemingly were frugal and industrious, accumulating together sufficient money to pay $3500.00 for the farmland owned by them, which the evidence shows had depreciated in value at the time of the trial,—most of the witnesses testifying that the market value thereof would not exceed at the most $1800.00 or $2000.00. The trial court denied a divorce to Mrs. Cullen and rendered a judgment of divorce in favor of the cross-petitioner in error on the ground of gross neglect of duty on the part of the wife and gave all of the joint bank account; except $750.00 awarded to Mrs. Cullen, to Mr. Cullen, and also gave to him all of the farmland and the live-stock, poultry and tools thereon, as well as a motor truck owned jointly by Mr. and Mrs. Cullen. The house-

hold goods were disposed of by agreement of the parties and the $1265.00 in the individual bank account of Mrs. Cullen was given to her.

Our judgment is that the facts disclosed by the evidence clearly show that in the division of the property Mrs. Cullen deserved to fare better than the judgment declared. The money in her individual bank account belonged to her exclusively and was not jointly nor individually accumulated or earned by either of them after their marriage, and to this amount she was entitled as a matter of absolute right.

Our conclusion is that if the parties will accept a modification of the decree by adding $200.00 to the $750.00 awarded Mrs. Cullen by the trial court, and will divide the costs made in this court, including the cost of the bill of exceptions, the judgment will be affirmed; if not, it will be reversed as manifestly against the weight of the evidence with a judgment against the defendant in error for the costs, including the bill of exceptions.

Judgment accordingly.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.